**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | :     Case No.: 1:23-cr-00368-TNM-1 |
| | : |
| JUSTIN LEE | : |
| | : |
| Defendant. | : |

**<u>MOTION TO DISMISS COUNTS THREE THROUGH FIVE</u>**

Justin Lee, defendant, moves to dismiss Counts Three through Five upon the following grounds:

**I.**     **"Posted, Cordoned Off or Otherwise Restricted Areas" Under 18 U.S.C. §1752 Must Be Designated in a Manner to Indicate that a Protectee of the Secret Service is Present. The Statute, As Applied, is Unconstitutional Because It Fails to Give Fair Notice of the Conduct it Punishes.**

Counts Three through Five allege crimes under 18 U.S.C. § 1752. Those counts allege:

**COUNT THREE**
On or about January 6, 2021, in the District of Columbia, Justin Lee, did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, without lawful authority to do so.
(Entering and Remaining in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(l))

**COUNT FOUR**
On or about January 6, 2021, in the District of Columbia, Justin Lee, did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.
(Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(2))

**COUNT 5**
On or about January 6, 2021, in the District of Columbia, Justin Lee, did knowingly engage in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was and would be temporarily visiting.
(Engaging in Physical Violence in a Restricted Building or Grounds, in violation of Title 18, United States Code, Section 1752(a)(4))

The text of §1752(c) defines a "restricted building or grounds" as follows:

> (1) the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area-
>
> > (A) of the White House or its grounds, or the Vice President's official residence or its grounds;
> >
> > (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or
> >
> > (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.[1]

The language "posted, cordoned off or otherwise restricted," as applied in the present case, is unconstitutionally vague and violates due process of law. The Fifth Amendment provides that "[n]o person shall … be deprived of life, liberty and, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015)(*citing Kolendar v. Lawson*, 461 U.S. 352, 357-358 (1983). As the Court in *Johnson*, *id*., noted, "[t]he prohibition of vagueness in criminal statutes 'is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rule of law,' and a statute that flouts it 'violates the first essential of due process.'"

---

[1] The counts allege that the defendant was in "a restricted building and grounds" because he was in a place "where the Vice President was and would be visiting." Subparagraph (1)(A) does not apply for obvious reasons. Why subparagraph (1)(C) does not apply is less clear. The Government does not invoke it in the indictment, even though it would appear that January 6, 2021 was (or ought to have been) "a special event of national significance." Perhaps a process exists for such designations and was not followed or simply did not apply.

Consider the signs that the Government contends were posted around the grounds of the U.S. Capitol. Those signs had the following wording:

**AREA CLOSED**
**By order of the United States Capitol Police Board**

See Ex. 1 attached. Does this give ordinary people fair notice that the "Area Closed" sign means a "restricted area" which is punishable under §1752? It does not. For starters, ordinary people reading the sign would not know that someone protected by the Secret Service is in the area closed. For all anyone knew, the area may have been closed for construction or repairs for the upcoming Presidential inauguration, not because a protectee of the Secret Service was present. By contrast, consider the sign at Mar-a-Lago at former President Donald Trump's residence in Palm Beach, Florida. Ex. 2. That sign, which bears the emblem of the Secret Service, informs anyone who sees it that the property is "restricted building and grounds" in accordance with 8 U.S.C. §1752. At the very least, a person seeing this sign is on notice that a person protected by the Secret Service is or may be present. That is most definitely not the case with the sign posted by the United States Capitol Police Board.

This is of no small importance to the people present on January 6th. The grounds of the U.S. Capitol are traditional public fora for First Amendment expression. *Jeanette Rankin Brigade v. Chief of Capitol Police*, 342 F.Supp. 575, 584 (D.D.C. (three judge panel), *aff'd*, 409 U.S. 972 (1972)("Nor is the primary purpose for which the Capitol was designed – legislating— incompatible with the existence of all parades, assemblages, or processions which may take place on those grounds."); *Abney v. United States*, 616 A.2d 856, 859, n. 8 (D.C. 1992). *See*, *Wheelock v. United States*, 552 A.2d 503, 506 (D.C. 1988)(The United States Capitol is recognized as a "unique situs for demonstration activity and is a place traditionally open to the public … to which access cannot be denied broadly or absolutely."). Those people came to the grounds of the U.S.

Capitol thinking they had a right to speak and assemble there. Any sign restricting speech or assembly that day should have been crystal clear in notifying the public that the area was not only closed but that it was a "restricted area" where a Secret Service protectee was or would be. Because the sign did not provide such important knowledge, those people were seriously disadvantaged. Why? Because a violation of §1752 is a Class A misdemeanor punishable by up to one year in prison. By contrast, a simple trespass under the laws of the District of Columbia carries a maximum sentence of 6 months. D.C. Code, §22-3302. Thus, ordinary people had a right to fair notice that the posted areas were "restricted" in the sense that §1752 means. Otherwise, a person would not have fair notice that he is violating a law that punishes more severely a simple trespass.

Based upon the foregoing, §1752 as applied is unconstitutional because it violates the due process requirement of fair notice.

## II. The Indictment Fails to State an Offense Because the Secret Service Did Not Establish the Restricted Areas Because Such Areas are Determined by Where a Person Protected by the Secret Service Is or Will Be.

In *United States v. Griffin*, 549 F.Supp.3d 49 (D.D.C. 2021), the member of this Court assigned to the present case presided. Griffin moved to dismiss on the grounds that the charges failed to state an offense because the Secret Service must be the one who determines "any posted, cordoned off or otherwise restrictive area." *Id*., 55. The argument was premised upon §1752(c)(1)(B)'s language that "restricted buildings or grounds" extends to "a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." The Court rejected the argument. In its decision, the Court noted that "[f]rom its enactment in 1970 until 2006, Section 1752 contained a provision that authorized the Treasury Department to 'designate by regulations the buildings and grounds which constitute 'the protected residences or offices of Secret Service protectees and 'prescribe regulations governing ingress or

4

egress to … posted, cordoned off, or otherwise restricted areas where protectees were present.'"(*Quoting* 18 U.S.C. §1752(d)).  The Court noted the adoption in 2006 of § 1752 in its current form.  The Court then reasoned that both the old or the new version of the statute "did not say who must restrict an area of the building or grounds." *Id*. The Court went on to say that Congress did not take the opportunity to clarify who can or must do the restricting, leaving it open-ended." *Id*. 56.

And yet, given the statutory history that for 36 years the Treasury Department had the sole legal authority to prescribe regulations governing ingress and egress to "posted, cordoned off or otherwise restricted areas" where protectees were present, there are sound reasons that the intent of Congress was that the Secret Service would remain the sole legal authority under §1752 to establish the boundaries of any restricted areas.

In *Griffin*, id., 549 F.Supp.3d at 53, n. 3, the Government failed to offer evidence to rebut the claim that the USCP determined the boundaries of the restricted areas, not the Secret Service. Since the USCP set the restricted areas on January 6th, using its own signage, the areas in question were not posted, cordoned off, or otherwise restricted in accordance with 18 U.S.C. §1752(c)(1)(B).

There is no evidence that the United States Capitol Police held any proceedings, took any vote, issued any decree, issued any press conference, wrote any letter, followed, wrote, or applied any policy manual, made any public announcements, or took any other administrative action to establish the "restricted" area they now claim. On the contrary, the Capitol Police Operational Plan acknowledges several *permitted* protests on Capitol grounds for that day.  Exhibit 3 is attached. How the Capitol Police expected ordinary people to get to these areas and navigate between and around extensive area closures is difficult to understand. The Government will argue there were

bike racks posted around the entire perimeter, snow fencing, and "Area Closed" signs, even though many were down when most protesters entered. They will also argue that the use of tear gas by the police should have made it known. Remarkably, in all the body-worn camera and open-source video footage, one does not hear any official announcements even when one sees public address speakers.

For the foregoing reasons, Counts Three through Five must be dismissed for failure to state an offense.

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301 699-8706 Fax
TRoberts@robertsandwood.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Dismiss Counts Three through Five was electronically filed on March 29, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Adam Michael Dreher, Esq.
Matthew E. Vigeant, Esq.
Assistant U.S. Attorneys
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053
adam.dreher@usdoj.gov
Matthew.Vigeant@usdoj.gov

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III