IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No.: 1:23-cr-00368-TNM-1 |
| : | |
| JUSTIN LEE : | |
| : | |
| Defendant. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANT JUSTIN LEE'S MOTION TO DISMISS FOR PREINDICTMENT DELAY**

Justin Lee, defendant, files this memorandum of points and authorities in support of his motion to dismiss for preindictment delay.

Although the five-year period of limitations has not run, "the statute of limitations does not fully define the rights with regard to the events occurring prior to indictment." *United States v. Marion*, 404 U.S. 397, 324 (1971). In *Marion*, the Supreme Court ruled that if it can be shown that "the pre-indictment delay… caused substantial prejudice to the appellee's rights to a fair trial," then "the Due Process Clause of the Fifth Amendment would require dismissal of the indictment." *See also, United States v. Lavasco*, 431 U.S. 783, 790 (1977)("the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused").

In *Dickey v. Florida*, 398 U.S. 30 (1970), the accused was tried in 1968 for an armed robbery which was alleged to have been committed in 1960. Most of that delay occurred before the accused was charged with the offense. Significantly for the present case, the Court's ruling noted the reasons for deciding that the indictment against the accused should be dismissed, *id.*, 37-38:

> The right to a speedy trial is not a theoretical or abstract right but one rooted in hard reality in the need to have the charges promptly exposed. If the case for the prosecution calls on the accused to meet the charges rather than rest on the infirmities of the prosecution's case, as is the defendant's right, the time to meet

1

them is when the case is fresh.  Stale claims have never been favored in the law, and far less so in criminal cases.  Although a great many accused persons seek to put off the confrontation as long as possible, the right to a prompt inquiry into criminal charges is fundamental and the duty of the charging authority is to provide a prompt trial.  This is brought sharply in focus when, as here, the accused presses for an early confrontation with his accusers and with the State.  Crowded dockets, the lack of judges and lawyers, and other factors no doubt make some delays inevitable.  Here, however, no valid reason for the delay existed; it was exclusively for the convenience of the State. On this record with its consequent prejudice is intolerable as a matter of fact and impermissible as a matter of law.

The defendant maintains his innocence, but he is hampered by the passage of time, and he would be in a much better position to defend the charges if the Government had acted responsibly. Given the Government's vast resources, charges should have been issued more than two years ago. Instead, it let valuable time go by, and the defendant's memory faded and his right to a fair trial suffered.

Letting this amount of time go by before filing charges is a "deliberate misuse of the criminal process" which the Due Process Clause protects against.  *Marion*, *supra*, 334(*quoting Dickey v Florida*, *supra*, 51-52 (1970)(*J  Brennan*)).  The defendant now is at a disadvantage, which has swung in favor of the Government.  As noted in *Nickens v. United States*, 323 F.2d 808, 813 (D.C. Cir. 1963)(*J Wright concurring*):

> [A] suspect may be at a special disadvantage when complaint or indictment, or arrest, is purposely delayed. With no knowledge that criminal charges are to be brought against him, an innocent man has no reason to fix in his memory the happenings of the day of the alleged crime. Memory grows dim with the passage of time.  Witnesses disappear.  With each day, the accused becomes less able to make out his defense. If, during the delay, the Government's case is already in its hands, the balance of advantage shifts more in favor of the Government the more the Government lags.  Under our constitutional system such a tactic is not available to police and prosecutors.

Given the prejudice to the defendant's case and adverse impact on his right to a fair trial, and the complete lack of justification for the delay on the Government's side, the delay in bringing

2

charges infringed upon rights protected by the Due Process Clause of the Fifth Amendment. The indictment must be dismissed.

     /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Indictment for Preindictment Delay and a supporting Memorandum of Points and Authorities were electronically filed on March 29, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Adam Michael Dreher, Esq.
Matthew E. Vigeant, Esq.
Assistant U.S. Attorneys
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053
Adam.Dreher@usdoj.gov
Matthew.Vigeant@usdoj.gov

     /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III