**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-cr-368 TNM** |
| **v.** | : | |
| | : | |
| **JUSTIN LEE,** | : | |
| | : | |
| **Defendant.** | : | |

**JOINT NOTICE OF ELEMENTS OF THE CHARGED OFFENSES**

The United States of America, by and through the United States Attorney for the District of Columbia, and Justin Lee, through his attorney, have conferred. On January 9, 2024, this Court ordered, "elements of the offense dur by 5/3/2024." Minute Order dated January 9, 2024. The parties submit the following:

**A. 18 U.S.C. § 231 – OBSTRUCTING OFFICERS DURING A CIVIL DISORDER**

18 U.S.C. § 231(a)(3)

Count 1 charges the defendant with obstructing law enforcement officers during a civil disorder, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

Definitions

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia. It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes one of the departments of the executive branch (such as the Department of Homeland Security, which includes the United States Secret Service) or the legislative branch. The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States. The term "instrumentality" includes any other formal entity through which the government operates, such as Congress or the United Sates Capitol Police.

For the U.S. Capitol Police and Metropolitan Police Department on January 6, 2021, the term "official duties," means policing the U.S. Capitol Building and Grounds, and enforcing federal law and D.C. law in those areas.

**<u>Defendant's Disagreement with the Government.</u>**

The government defines commerce to mean "commerce or *travel*." "Commerce" is defined in 18 U.S.C. §232(2), but the statutory definition does not include "travel." The statutory definition controls.

In terms of the statute's definition of "federally protected function," the defendant disagrees with the government's supplied definitions of "agency" and "instrumentality." Those terms are mentioned in the same sentence with "department." The government defines "department" to mean "departments of the executive branch," and the defendant agrees. But in the context of the wording of §232(3), "agency" and "instrumentality" derive their meaning by close association with the word "department." Because congress and its police agency, the United States Capitol Police, are part of the legislative branch of government and not the executive branch, the United States Capitol Police cannot be considered an agency or instrumentality of the executive branch of the United States government.

**B. 18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS**

18 U.S.C. § 111(a)(1)

Count 2 of the Indictment charges the defendant with assaulting, resisting, or impeding an officer or an employee of the United States who was then engaged in the performance of his official duties or any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

<u>Elements</u>

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police or Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was an officer or an employee of the United States who was then engaged in the performance of his or her official duties or was assisting officers of the United States who were then engaged in the performance of their official duties.

Fifth, the defendant made physical contact with that officer, or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count 1.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, [carrying out an official duty or assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, carrying out an official duty or assisting a

federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

**Defendant's Disagreement with the Government**

The defendant disagrees with the government's statement of the elements of 18 U.S.C. §111(a)(1). The government's statement is insufficient because it does not clearly state that simple assault is an essential element of all of the offenses of that section. The statute reads:

> 18 U.S. Code § 111 - Assaulting, resisting, or impeding certain officers or employees
>
> (a) **In general.**—Whoever—
>
> (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
>
> (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,
>
> shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

Based upon the text of the statute, simple assault is the essential element of the three possible offenses of §111(a)(1). Where "the acts in violation of this section constitute only simple assault," then the person "shall … be fined under this title or imprisoned for not more than one year, or both." But "where "*such* acts involve physical contact with the victim of *that assault* or the intent to commit another felony" the person can be fined or imprisoned for not more than 8 years. Simple assault is an essential element of all of the offenses of §111(a)(1).

The government does provide a satisfactory statement of the elements of assault which is consistent with the common law definition of an assault. The problem is that the Government does not make assault the essential element of all the offenses of §111(a), including the felonies.

**C. ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS**

18 U.S.C. § 1752(a)(1)

Count 3 of the Indictment charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

Definitions

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.

**Defendant's Disagreement with the Government**

The government's description of what it means to act "knowingly" is legally incorrect. The defendant must have a culpable mental state regarding "each of the statutory elements that

criminalizes his conduct."[1] The government must prove that the defendant knew that he was entering the restricted area without lawful authority; and that he knew that the area was "restricted," i.e., posted, cordoned off or otherwise restricted because the Vice-President is or will be visiting there. These are not jurisdictional requirements, but facts which the government must prove to establish that the defendant acted with the requisite culpable mental state.

**D. DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING**

18 U.S.C. § 1752(a)(2)

Count 4 of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Definitions

"Disorderly conduct" is conduct that tends to disturb the public peace or undermine public safety. Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to

[1] *United States v. X-Citement Video, Inc.*, 513 U.S.64, 72 (1994).

be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

**Defendant's Disagreement with the Government**

The government's elements lack the requisite knowledge in order to prove that that the defendant had the culpable mental state that makes his conduct criminal. As to the first element, that the government must prove that the defendant knew that his conduct was in proximity to a *restricted* area. That means that he knew the area was restricted, i.e., posted, cordoned off or otherwise restricted where the Vice President is or will be visiting.

Second, the government must prove that the defendant knew that his actions were going to impede or impair a particular government business or function.

Third, the government must prove that the defendant's conduct in fact impeded or disrupted the orderly conduct of government business or official functions.

## E. ENGAGING IN PHYSICAL VIOLENCE IN A RESTRICTED BUILDING OR GROUNDS

18 U.S.C. § 1752(a)(4)

Count 5 of the Indictment charges the defendant with engaging in physical violence in a restricted building or grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.

Second, the defendant did so knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction of bodily harm on an individual; or damage to, or destruction of, real or personal property.

**Disagreement with the Government**

The government must prove that the defendant had the culpable mental state which made his conduct criminal.  He must know that the area was restricted, meaning that he knew that the area was posted, cordoned off or otherwise restricted in which the Vice President is or will be visiting.

**F.  DISORDERLY CONDUCT IN A CAPITOL BUILDING OR GROUNDS**

40 U.S.C. § 5104(e)(2)(D)

Count 6 of the Indictment charges the defendant with disorderly and disruptive conduct in a Capitol Building [or Grounds], which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

Definitions

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.

**Disagreement with the Government**

The element of willfulness requires further elaboration. A willful act is one undertaken with a "bad purpose" and knowledge that the person is doing something that the law forbids.

## G. ACT OF PHYSICAL VIOLENCE AT THE CAPITOL BUILDING OR GROUNDS

40 U.S.C. § 5104(e)(2)(F)

Count 7 of the Indictment charges the defendant with an act of physical violence in the Capitol Building or Grounds, which is a violation of federal law.

Elements

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in an act of physical violence within the Capitol Buildings or Grounds.

Second, the defendant acted willfully and knowingly.

Definitions

The term "act of physical violence" means any act involving an assault or other infliction or threat of infliction of death or bodily harm on an individual; or involving damage to, or destruction of, real or personal property. For purposes of this offense, unlike the offense in Count 5, the threat of infliction of bodily harm is sufficient to meet this definition.

The terms "Capitol Buildings" and "Capitol Grounds" have the same meaning described in the instructions for Count [ ]. The terms "knowingly" and "willfully" have the same meaning described in the instructions for Count [ ].

**Disagreement with the Government**

The element of willfulness required more than set forth.

Respectfully Submitted,

/s/
Terrell Roberts III
Attorney for Justin Lee
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
troberts@robertsandwood.com

/s/ *Adam M. Dreher*
Adam M. Dreher
Assistant United States Attorney
Michigan Bar No. P79246
601 D St. NW
Washington D.C. 20530
(202) 252-1706
adam.dreher@usdoj.gov

Matthew Vigeant
Assistant United States Attorney
D.C. Bar No. 144722
601 D St. NW
Washington D.C. 20530
(202) 252-2423
matthew.vigeant@usdoj.gov