IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  :

                                                    :

v.                                                  :        Case No.: 1:23-cr-00368-TNM-1

                                                    :

JUSTIN LEE                                          :

                                                    :

        Defendant.                                  :

**DEFENDANT JUSTIN LEE'S REPLY TO THE GOVERNMENT'S OPPOSITION
TO DEFENDANT LEE'S MOTION FOR JUDGMENT OF ACQUITTAL**

Justin Lee, defendant, by counsel, replies to the Government's Opposition to Defendant's

Motion for judgment of Acquittal, ECF#50 ("Opp.").

**I.      Contrary to Government's Denial, the Expressive Nature of the Defendant's
         Conduct Brings It Within First Amendment Protection.**

The defendant's conduct consisted of tossing a small device making smoke from the steps

below the Lower West Terrace Tunnel in the direction where officers were positioned to block

entry to the tunnel. The Government's opposition states that "[t]his type of conduct is not

inherently expressive," and that "the defendant's conduct was only suggested to be expressive

because he said so during trial." Opp., p. 3.  The Government further argues that the defendant's

motion "relies upon testimony this Court has already concluded it did not credit."  *Id*.

Those contentions are without merit.  First, the First Amendment protects "inherently

expressive" conduct.  *Rumsfeld v. Forum for Acad. & Inst. Rights*, 547 U.S. 47, 66 (2006).  "[T]he

Constitution looks beyond written or spoken words as mediums of expression."  *Hurley v. Irish-

American Gay, Lesbian & Bi-Sexual Group*, 515 U.S. 557 (1995).  "Symbolism is a primitive but

effective way of communicating ideas," *West Virginia Bd. of Ed. v. Barnette*, 319 U.S. 624, 632

(1943).  The conduct at issue here is inherently expressive.  As used in a protest, a smoke device

creates smoke for visual effect and symbolic value, serving as a basic expression of grievances of those present. They are commonly seen and even thrown at protests. https://www.nbcnews.com/video/yellow-vest-protesters-take-to-the-streets-of-paris-for-eighth-week-1420590659686

A smoke device is no less expressive if it does not articulate a specific message. As the Supreme Court stated in *Hurley*, *id*., observed:

> A narrow, succinctly articulable message is not a condition of constitutional protection, which if confined to expressions conveying a "particularized message," would never reach the unquestionably shielded painting of Jackson Pollock, music of Arthur Schonberg, or Jabberwocky verse of Lewis Carroll.

Here the expressive smoke device is a close relative to marches and parades, which are examples of "inherent expressiveness" and serve to make a point in a protest. *Hurley*, *supra*. In a march of protest, carrying placards and singing "reflect an exercise of these basic constitutional rights in their most pristine and classic form." *Edwards v. South Carolina*, 372 U.S. 229, 235 (1963). Smoke devices serve the same purpose.

The Government argues that whether a smoke device is inherently expressive cannot be based on Lee's say-so. This has some merit. *See Rumsfeld*, *supra* 65("we [have] rejected the view that 'conduct can be labeled "speech" whenever the person engaging in the conduct intends thereby to express an idea," *citing United States v. O'Brien*, 391 U.S. 367, 376 (1968)). But creating smoke with a device of the kind used here during a protect is expressive by its nature, just like waving a banner or flag, which is considered classic symbolic speech. *Hurley*, *supra*. Thus, Lee's conduct at a protest falls well within the sphere of conduct protected by the First Amendment.

Second, the Government dismissively argues that Lee's testimony was not credited by the Court. Opp., 3. The argument is misplaced because whether the conduct in question is inherently expressive does not depend on whether the actor intended to convey a message. Nevertheless, the

Government overlooks that the Court found that Lee did not intend to hit the officer with the smoke device.  Since this is what Lee testified to, it is likely that the Court implicitly credited Lee's testimony in this respect.

In announcing its verdict, the Court said that the defendant had "shaded" his testimony. But it did not elaborate.  Regardless, Lee's conduct is sufficiently expressive to bring it within the protection of the First Amendment.  For this reason, § 231(a)(3), as applied, impermissibly infringes on "inherently expressive" speech protected by the First Amendment. Applying strict scrutiny, the statute is unconstitutional.  We look to see if the statute is content or viewpoint based. It is. At the time it was enacted, the statute's purpose was to punish criticism of the police and permit police to crack down on civil rights protestors in the 1960's.  MJOA, ECF, 8. Thus, the statute was intended to give broad powers to the police to put down any form of protest conduct or even speech which is critical of the police or government.  The statute's breadth is obvious: it punishes "*any* act or attempt" which "interferes" with an officer engaged in performing duties in a civil disorder.  The statute easily captures "inherently expressive conduct," such as tossing a smoke device in a protest, which is done to criticize the conduct of police officials or the government which employs them.  It is all the more concerning here because the conduct takes place on the grounds of the U.S. Capitol, which are traditional public fora for speech and assembly. As the D.C. Circuit stated recently: "We have long recognized that the Capitol grounds – a series of lawns, only partially walled, surrounding the Capitol buildings – as a traditional public forum." *John Maron Nassif v. United States*, U.S. Court of Appeals for the D.C. Cir., No. 23-3069, 04-29-24, p. 9 *(citing Lederman v. United States*, 291 F.3d 36, 46 (D.C. Cir. 2002)).  Thus, Capitol grounds hold special position in terms of First Amendment protection. § 231(a)(3) as applied "restricts access to traditional public fora and is therefore subject to First Amendment scrutiny,"

3

*McCullen v. Coakley*, 573 U.S. 464, 477 (2014), because it subjects persons, like Lee, who are engaged in inherently expressive conduct in jeopardy of arrest and prosecution.

The Government argues that Lee's conduct contains both speech and non-speech elements. Lee disagrees.  It is purely symbolic speech as to which Sec. 231(a)(3) does not, and should not, apply.  For this reason, the holding of *O'Brien* does not apply, although the Government argues that it does.

If the four factors formulated in *O'Brien* are applied, the Government cannot demonstrate that its interests are greater than the burden on speech imposed by the law.  Looking at the first factor, whether the law was enacted within the constitutional power of the government, the statute was explicitly enacted under the Commerce Clause of the Constitution.  Civil disorders as defined by the statute have no substantial impact on commerce and remain within the domain of the police power of local government.  18 U.S.C. § 232(1)("acts of violence by assemblages of three or more persons"). As discussed in Lee's motion, a civil disorder does not have a substantial impact on commerce and congressional authority under the Commerce Clause does not extend to the criminalization of intrastate activity unless the regulated activity substantially affects interstate commerce.  A sufficient showing has not been made that the civil disorder at the Capitol substantially affected interstate commerce.  Second, to the extent that the statute is used to provide a safe and secure area for Congress to meet, that interest is not furthered by regulating inherently expressive conduct at a protest, particularly one within traditional public fora which holds a special position for First Amendment protection.  Third, the Government's interest in applying the statute to Lee is directly related to speech, since his conduct at a protest is symbolic and inherently expressive conduct.  Fourth, the statute's reach "is greater than is essential for the furtherance of that interest." Lee was prosecuted for inherently expressive conduct; he was not prosecuted for

conduct that had only an incidental impact on speech.  As this Court found, Lee did not intend to hit the officer with the smoke device, and that is exactly why the Court found him not guilty of assault and committing physical violence on Capitol grounds under Count Seven.   The Government is stretching the limits to prove that Lee's conduct adversely impacted the officer's performance of duty, which was at that moment to keep protestors out of the tunnel.  Viewing the evidence in the light most favorable to the Government, the conduct did not have a substantial effect on the officer's performance of his duties.  As Officer Jason Sterling described it, it was a "distraction."  It did not force him or the officers to leave or move from the tunnel; nor did anyone get into the tunnel from outside. Thus, § 231(a)(3), as applied, burdens speech more than it advances a legitimate government interest.

II.     **The Government's Opposition Does Not Address the Defendant's Arguments That It Failed to Prove Required Elements of the Offense of 18 U.S.C. Sec. 111(a)(1).**

The Government has chosen to ignore the defendant's substantial legal argument that a simple assault is a required element of any offense under 18 U.S.C. 111(a)(1) and that the defendant has a complete defense to the felonies in that statute.  The Government apparently goes with the Court's interpretation of the statute. Since three circuit courts of appeal have interpreted in accordance with the defendant's interpretation of the statute, ECF#48, p. 14, that  fact alone merits a strong argument from the Government.

The Government also does not address the defendant's argument that it failed to prove, as an element of the offense, that the officer assaulted was designated in Sec. 1114 of Title 18.  In that section, the officer assaulted must be an officer or employee of the United States or "assisting such officer." The Government did not prove substantively that Officer Jason Sterling, an officer

employed by the Metropolitan Police Department, was assisting a specific officer or employee of the United States.

In *United States v. Washington*, 79 F.4th 320 (3rd Cir. 2023), a case not previously cited by the defendant's motion, the court was faced with a similar fact pattern in a § 111 prosecution. In that case, two officers, Smith and Bell, were assisting the Federal Protective Service ("FPS"). The Court held:

> The evidence the government cites support, at best, that Smith and Bell were assisting the FPS – the precise argument it disavowed. *See, e.g., United States v. Grant*, 979 F.3d 1141, 1143 (6th Cir. 2020) (Deputy U.S. Marshal testified victim was assisting him in performing official duty of detaining federal prisoner before sentencing). Without a record of Smith and Bell assisting a specific person performing official duties, we cannot affirm the conviction. We thus conclude that the government failed to prove at trial that Smith and Bell were assaulted while assisting specific federal officers or employees in the performance of their official duties.

79 F.4th at 328. Likewise, in the present case, the Government failed to prove that MPD Officer Jason Sterling was assaulted while assisting specific federal officers or employees.

  /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
*Attorney for Defendant*
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Defendant's Reply to the Government's Opposition to the Defendant's Motion for Judgment of Acquittal was electronically filed on September 26, 2024, via the CM/ECF File & Serve system, and an electronic copy was e-served on:

Adam Michael Dreher, Esq. & Matthew E. Vigeant, Esq.
United States Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20053

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III