# UNITED STATES COURT OF APPEALS
# DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
DEC 2 6 2024
RECEIVED

United States of America                           USCA No. 24-3171

v.

Justin Lee                                          USDC No. 1:23-cr-00368-TNM

## MOTION FOR LEAVE TO PROCEED
## ON APPEAL IN FORMA PAUPERIS

I, Justin Lee, declare that I am the
(●) appellant/petitioner  ( ) appellee/respondent in the above-entitled proceeding. In support of this motion to proceed on appeal without being required to prepay fees, costs or give security therefor, I state that because of my poverty I am unable to prepay the costs of said proceeding or to give security therefor. My affidavit or sworn statement is attached.

I believe I am entitled to relief. The issues that I desire to present on appeal/review are as follows: (*Provide a statement of the issues you will present to the court. Attach an additional sheet if necessary.*)

See attached sheet.

Signature _____

Name of *Pro Se* Litigant  Justin Lee

Address  14117 Chinkapin Drive, Rockville, MD 20850

Submit original with a certificate of service to:

Clerk of Court
United States Court of Appeals
  for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse, Room 5523
333 Constitution Avenue, N.W.
Washington, DC 20001

-1-

USCA Form 31
Rev. December 2018

# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

---

United States of America

USCA No. 24-3171

v.

Justin Lee

USDC No. 1:23-cr-00368-TNM

## AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

**Affidavit in Support of Motion**

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

**Instructions**

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Signed: _/s/_

Date: 12/18/2024

My issues on appeal are: See attached sheet.

USCA Form 31
Rev. December 2018

-1-

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | 0 | N/A | 0 | N/A |
| Self-employment | 0 | N/A | 0 | N/A |
| | You | Spouse | You | Spouse |
| Income from real property (such as rental income) | 0 | N/A | 0 | N/A |
| Interest and dividends | 0 | N/A | 0 | N/A |
| Gifts | 0 | N/A | 0 | N/A |
| Alimony | 0 | N/A | 0 | N/A |
| Child support | 0 | N/A | 0 | N/A |
| Retirement (such as social security, pensions, annuities, insurance | 0 | N/A | 0 | N/A |
| Disability (such as social security, insurance payments) | 0 | N/A | 0 | N/A |
| Unemployment payments | 0 | N/A | 0 | N/A |
| Public-assistance (such as welfare) | 0 | N/A | 0 | N/A |
| Other (specify): N/A | 0 | N/A | 0 | N/A |
| Total monthly income: | 0 | N/A | 0 | N/A |

USCA Form 31
Rev. December 2018

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| Montgomery County MD | 101 Monroe St. Rockville, MD 20850 | 1/28/22 - 10/19/23 | $4,000.00 |

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

4. How much cash do you and your spouse have?  $1,500.00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| PNC Bank | Checking | $1,500.00 | N/A |

**If you are a prisoner, seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.**

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) | |
|---|---|---|---|
| N/A | N/A | N/A | |
| | | Make & Year: | N/A |
| | | Model: | N/A |
| | | Registration #: | N/A |

| Motor Vehicle #2 | N/A | Other Assets (Value) | Other Assets (Value) |
|---|---|---|---|
| Make & Year: | N/A | None | None |
| Model: | N/A | | |
| Registration #: | N/A | | |

-3-

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | N/A | N/A |
|  |  |  |
|  |  |  |

7. State every person, business, or organization to whom you or your spouse owes money, the nature of the indebtedness, and the amount owed.

| Person to whom you or your spouse owe money | Nature of indebtedness (e.g., mortgage, credit card) | Amount owed by you | Amount owed by spouse |
|---|---|---|---|
| N/A | N/A | N/A | N/A |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

8. State the persons who rely on you or your spouse for support.

| Name [or, if under 18, initials only] | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
|  |  |  |
|  |  |  |

9. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

|  | You | Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | N/A | N/A |
| Are real-estate taxes included? | ○ Yes | ⦿ No |
| Is property insurance included? | ○ Yes | ⦿ No |

|  | You | Spouse |
|---|---|---|
| Utilities (electricity, heating fuel, water, sewer, and telephone) | 0 | N/A |
| Home maintenance (repairs and upkeep) | 0 | N/A |

|  | You | Spouse |
|---|---|---|
| Food | $200.00 | N/A |
| Clothing | 0 | N/A |
| Laundry and dry-cleaning | 0 | N/A |
| Medical and dental expenses | 0 | N/A |
| Transportation (not including motor vehicle payments) | $100.00 | N/A |
| Recreation, entertainment, newspapers, magazines, etc. | 0 | N/A |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|    Homeowner's or renter's | 0 | N/A |
|    Life | 0 | N/A |
|    Health | $10.00 | N/A |
|    Motor Vehicle | 0 | N/A |
|    Other: N/A | 0 | N/A |
| Taxes (not deducted from wages or included in mortgage payments) (specify) N/A | 0 | N/A |
| Installment payments | | |
|    Motor Vehicle | 0 | N/A |
|    Credit card (name): N/A | 0 | N/A |
|    Department store (name): N/A | 0 | N/A |
|    Other: N/A | 0 | N/A |
| Alimony, maintenance, and support paid to others | 0 | N/A |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | 0 | N/A |
| Other(specify): N/A | 0 | N/A |
| Total monthly expenses: | $310.00 | N/A |

10. Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months? ◯ Yes  ◉ No

If yes, describe on an attached sheet.

11. Have you paid-or will you be paying-an attorney any money for services in connection with this case, including the completion of this form? ◯ Yes  ◉ No

If yes, how much?  N/A

If yes, state the attorney's name, address, and telephone number:

N/A

12. Have you paid-or will you be paying-anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form? No

If yes, how much?  N/A

If yes, state the person's name, address, and telephone number:

N/A

13. Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

N/A

14. State the city and state of your legal residence.

Rockville, MD

Your daytime phone number: ( 301 ) 201-6821

Your age: 27     Your years of schooling: 16

-6-

IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT

UNITED STATES OF AMERICA :

:

v.

USCA Case No: 24-3171

USDC Case No: 1:23-cr-00368-TNM

JUSTIN LEE

:

## DEFENDANT JUSTIN LEE'S ISSUES FOR APPEAL

Justin Lee, defendant, pro se, provides issues for appeal.

**1. Belief that court erred in its guilty finding of Assaulting, Resisting, or Impeding Certain Officers under 18 U.S.C. 111(a)(1).**

The defendant believes that an assault as defined in common law is a required element of the offense. The court specifically found the defendant not guilty of that offense. There is currently a split in the federal circuits regarding whether an assault as defined in common law is required for a guilty verdict under this statute; the DC Circuit has not yet addressed this issue. The position taken by 3 courts of appeal favors the defendant's interpretation. Based on the defendant's reading of the statute, being found not guilty of any assault is a complete defense to the felony conviction of assault on a law enforcement officer as found under this statute.

Additionally, the defendant believes the Government failed to prove, as an element of the offense, that the victim was designated in Sec. 1114 of Title 18. In that section, the victim must be an officer or employee of the United States or "assisting such officer." The Government did not prove substantively that Officer Jason Sterling, an officer employed by the Metropolitan Police Department, was assisting a specific officer or employee of the United States at the time of the underlying conduct.

**2. Belief that court erred in its guilty finding of Civil Disorder under 18 U.S.C. 231(a)(3).**

The defendant believes conviction under the statute is inconsistent with the First Amendment. The defendant believes the tossing of the smoke bomb was inherently

expressive activity protected by the First Amendment and that the statute is unconstitutional as applied.

The statute gives overly broad latitude to police and prosecutors to charge an individual for "any act" which "interferes." The throwing of a smoke bomb, which the court found in this instance to not be an assault, is inherently expressive conduct. As used in a protest, a smoke device creates smoke for visual effect and symbolic value, serving as a basic expression of grievances of those present. They are commonly seen and even thrown at protests.

The statute too easily captures "inherently expressive conduct," such as tossing a smoke device in a protest, which is often done to criticize the conduct of police officials or the government which employs them. The defendant believes that in any other protest environment, no officer nor prosecutor would have exercised their discretion to use this charge. The statute is a relic of the harsh crackdowns of the civil rights era meant to quash dissent, as evident by the law's legislative history.

Furthermore, the evidence is legally insufficient to prove the charge. No interference with the officer's performance of their duty was demonstrated and the Government's insistence that the defendant's actions aided and abetted the unlawful actions of other individuals was summarily rejected by the court. Merely finding that the defendant may have had an intent to make the officers' job harder is not a standard for guilt under the statute.

By its own terms, the statute authorizes criminal penalties for "any act," whether it be speech or expressive conduct, intended merely to "interfere with" an officer engaged in the performance of duty. This language is overly broad enough to include speech or expressive conduct which criticizes or challenges the manner in which police officers discharge their duties.

Additionally, the defendant believes a sufficient showing has not been made that the civil disorder at the Capitol substantially affected interstate commerce. The Government introduced evidence that a single grocery chain's sales were reduced on January 6th. But this did not prove that the civil disorder was the cause of lost sales. There was no evidence that the disorder blocked highway traffic, prevented the movement of any article or commodity in commerce, or otherwise had a substantial effect on commercial or economic activity.

As a whole, no defendant's First Amendment activity contained solely to public property tradtionally open to the public and widely considered to be a traditional public forum can reasonably expect to account for a citywide curfew being announced with which commerce may be affected when weighing the legality of their actions.

**3. Belief that court erred in its guilty finding of Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. 1752(a)(1).**

The defendant aligns with the arguments presented for the defendant in *United States v. Griffin (No. 22-3042)* currently working its way to SCOTUS and which the defendant believes will result in the reversal of the Government's interpretation of statute. As with *Griffin*, the defendant believes that knowledge of the Vice President's presence is a required element of the offense; the Government did not prove the defendant's knowledge of the Vice President's presence.

**4. Belief that court erred in its guilty finding of Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. 1752(a)(2).**

The defendant believes conviction under the statute is questionable given the court's unfactual determinations of the defendant's actions and the Government's attribution of conduct of other individuals to the defendant. The court included secondary actions from the defendant in its determination of the character of the defendant's conduct, to include the throwing of "rock-like objects" and the use of a flashlight.

The court erroneously attributes the objects to be "rock-like" despite providing no evidence nor testimony aside from singular stills from shakey videos and photographs. No evidence was ever provided to counter the defendant's statements as to the mundane nature of the objects, nor was physical contact with officers even alleged. Similarly, the court falsely attributes a flashlight used by the defendant to have been of a strobe function despite this being factually untrue based on Government exhibits. The court also affirmed the Government's claim that the flashlight was used to disorientate despite producing no victim to testify as such nor providing any evidence to counter the defendant's statement that the flaslight was being used solely for a utilitarian purpose 16 minutes before sunset on a cloudy day.

Additionally, the statute mandates as an element of the offense that the defendant's conduct "in fact" impeded or disrupted the orderly conduct of Government business or official functions. There's no evidence that the defendant's conduct in fact delayed completing the electoral certification. If the defendant had not been there at all, nothing different would have happened. His conduct outside the Capitol in fact did not delay the proceedings inside the Capitol.

**5. Belief that court erred in its guilty finding of Disorderly Conduct in a Capitol Building under 40 U.S.C. 5104(e)(2)(D).**

For all the reasons cited with respect to Sec. 1752(a)(2), the evidence was insufficient to sustain a conviction under this statute as well.

**A more substantive explanation of the issues can be found in the defendant's**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion For Leave To Proceed In Forma Pauperis was filed on December 19, 2024, via certified mail, and a physical copy was served on:

Adam Michael Dreher, Esq. & Matthew E. Vigeant, Esq.

United States Attorney's Office for the District of Columbia

601 D Street, NW

Washington, D.C. 20053

Justin Lee

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-3171**  **September Term, 2024**

1:23-cr-00368-TNM-1

Filed On: December 6, 2024 [2088290]

United States of America,

    Appellee

  v.

Justin Lee,

    Appellant

### O R D E R

    Appellant was represented by retained counsel before the district court, and the $605 appellate docketing and filing fees for this appeal have been paid. Upon consideration of the foregoing, it is, on the court's own motion,

    **ORDERED** that by January 6, 2025, appellant either (1) have new retained counsel enter an appearance in this court on appellant's behalf, (2) inform the court that he wishes to proceed on appeal without counsel, or (3) request the appointment of new counsel if he cannot afford to retain one. If appellant cannot afford to retain new counsel and wishes to have counsel appointed for the appeal, it is

    **FURTHER ORDERED** that by January 6, 2025, appellant complete and submit to this court, for transmittal to the district court, a motion for leave to proceed on appeal in forma pauperis. See Fed. R. App. P. 24(a)(1). In the event the district court denies the motion to appeal in forma pauperis, appellant may renew the request in this court. See Fed. R. App. P. 24(a)(5).

    A request for appointment of counsel does not relieve appellant of the obligation to file responses to any motion filed by appellee or to comply with any order issued by the court, including a briefing schedule. Failure by appellant to respond to a dispositive motion or comply with any order of the court, including this order, may result in dismissal of the case for lack of prosecution. See D.C. Cir. Rule 38.

    The Clerk is directed to send a copy of this order, an entry of appearance form, and a blank motion for leave to proceed on appeal in forma pauperis form to appellant by certified mail, return receipt requested, and by first class mail.

**FOR THE COURT:**
Mark J. Langer, Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 24-3171**  **September Term, 2024**

BY: /s/
Emily K. Campbell
Deputy Clerk

The following forms and notices are available on the Court's website:

Attachments:
Motion for Leave to Proceed on Appeal in Forma Pauperis
Entry of Appearance Form

Page 2

# UNITED STATES COURT OF APPEALS
## DISTRICT OF COLUMBIA CIRCUIT

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

**Case Caption:** _____

_____ v.   **Case No:** _____

_____

## ENTRY OF APPEARANCE

The Clerk shall enter my appearance as ○ Retained ○ Pro Bono ○ Appointed (CJA/FPD) ○ Gov't counsel
for the ○ Appellant(s)/Petitioner(s) ○ Appellee(s)/Respondent(s) ○ Intervenor(s) ○ Amicus Curiae below:

### Party Information
(List each represented party individually - Use an additional blank sheet as necessary)

_____   _____

_____   _____

_____   _____

_____   _____

### Counsel Information

Lead Counsel: _____

Direct Phone: (___) _____ Fax: (___) _____   Email: _____

2nd Counsel: _____

Direct Phone: (___) _____ Fax: (___) _____   Email: _____

3rd Counsel: _____

Direct Phone: (___) _____ Fax: (___) _____   Email: _____

Firm Name: _____

Firm Address: _____

Firm Phone: (___) _____ Fax: (___) _____   Email: _____

Notes: This form must be submitted by a member of the Bar of the U.S. Court of Appeals for the D.C. Circuit. **Names of non-member attorneys listed above will not be entered on the court's docket.** Applications for admission are available on the court's web site at http://www.cadc.uscourts.gov/.

USCA Form 44
March 2017 (REVISED)

14117 Chinkapin Drive
Rockville, MD 20850

**CERTIFIED MAIL**

9589 0710 5270 0291 3119 67

Retail   20001

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
GAITHERSBURG, MD 20898
DEC 19, 2024
**$9.51**
S2324E501299-15

Clerk of Court
United States Court of Appeals
for the District of Columbia Circuit
———
E. Barrett Prettyman U.S. Courthouse,
Room 5523
333 Constitution Ave, N.W.
Washington, DC 20001